1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HUTCHISON & STEFFEN, PLLC**
Brenoch R. Wirthlin, Esq.
Nevada Bar No. 10282
Peccole Professional Plaza
10080 Alta Drive No. 200
Las Vegas, NV 89145
Phone: (702) 385-2500
Fax: (702) 385-2086
email: bwirthlin@hutchlegal.com
Attorneys for Plaintiffs

**KERR SIMPSON ATTORNEYS AT LAW**
P. Sterling Kerr, Esq.
Nevada Bar No. 3978
George E. Robinson, Esq.
Nevada Bar No. 9667
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, NV 89052
Phone: 702.451.2055
Fax: 702.451.2077
Email: sterling@kerrsimpsonlaw.com
        george@kerrsimpsonlaw.com
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE LYNN STROTHER, | §  Case 2:23-CV-00947-GMN-NJK |
| | § |
| Plaintiff(s), | § |
| | §  **JOINT DISCOVERY PLAN** |
| vs. | §  **[SUBMITTED IN** |
| | §  **COMPLIANCE WITH** |
| | §  **LR 26-1(b)]** |
| | § |
| | § |
| NYE COUNTY, et al., | § |
| | § |
| Defendant(s). | § |

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(b), Plaintiff Michelle Lynn Strother ("Strother" or "Plaintiff") and Defendant Nye County ("Nye County" or "Defendant"), respectfully submit the following proposed Joint Discovery Plan:

## 1.  Preliminary Matters

### a.  Nature and Basis of Claims and Defenses

Strother brings this action pursuant to the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. §1983, stemming from her interactions with Nye County related to zoning issues and the subsequent prosecution of Strother by Nye County.  Nye County denies all claims made by Strother and has filed a motion to dismiss the Complaint.  The parties have stipulated to the filing of an Amended Complaint, which has a deadline of October 28, 2023.

### b.  Attorneys' Rule 26(f) Conference

The Rule 26(f) conference between counsel for the parties occurred on October 26, 2023, and was attended by the undersigned Brenoch R. Wirthlin, Esq. on behalf of Strother and Brian Hardy, Esq. on behalf of Nye County.

### c.  Service of Documents

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service of pleadings and other papers by notice of electronic filing and accompanying electronic service (for documents filed with the Court) and/or by email (for discovery and other non-filed documents).  For email service, the parties consent to receive service at counsel's below email addresses.  For purposes of response time, email service will be treated the same as service by hand-delivery, except that a document shall not be considered served if the party effectuating service receives an electronic notice that the email was not sent successfully.  Service may also be accomplished by other means authorized by the Federal Rules of Civil Procedure, but the parties agree that if they serve any documents by means other than those specified above, they will also email a courtesy copy to counsel at the below email addresses.

### d.  Certifications

The parties certify that they discussed the possibility of attempting a prompt negotiated resolution of this matter, including mediation, arbitration and early neutral evaluation.  The parties further certify that they considered consent to trial by a magistrate judge, and the use of the Short Trial Program.

2.      **Initial Disclosures**

The parties have not yet exchanged the initial disclosures required by Fed. R. Civ. P. 26(a)(1) but, pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties will do so within fourteen (14) days of the date of their Rule 26(f) conference, which is **November 9, 2023**.

3.      **Discovery Parameters**

The parties propose to conduct discovery in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court.  The parties do not believe that discovery should be conducted in phases or focused on any specific matters.

4.      **Discovery Limits**

The parties agree to the limits on discovery in the Federal Rules of Civil Procedure.

5.      **Proposed Scheduling Order, in Conformity with LR 26-1(b)**

The parties propose the following Scheduling Order to govern this case, which complies with Local Rule 26-1(b).  The parties have stipulated to the filing of an Amended Complaint, which has a deadline of October 28, 2023, but which deadline is extended to Monday October 30, 2023, pursuant to Fed. R. Civ. P. 6.

**SCHEDULING ORDER DATES:**

| Date | Deadline |
|---|---|
| 8/31/23 | The date that the first appearing Defendants filed their Motion to Dismiss [ECF 24], and discovery will close 180 days thereafter. |
| 11/29/23 | Deadline to file motions for leave to amend pleadings or add parties. |
| 12/29/24 | Expert disclosure deadline. |
| 1/29/24 | Rebuttal expert disclosure deadline. |
| ~~2/19/24~~ | ~~Deadline that any motion to modify or extend the Discovery Plan and Scheduling Order is due under LR 26-4.~~ |
| 2/27/24 | End of fact and expert discovery. |
| 3/28/24 | Deadline to file dispositive motions. |
| 4/29/24 | Deadline Joint Pretrial Order is due, unless one or more dispositive motions has been filed, in which case the Joint Pretrial Order is due thirty (30) days after a ruling on all dispositive motions, pursuant to LR 26-1(b)(5). |
| TBD | The parties propose to conduct mediation prior to the date the Joint Pretrial Order is due.  In the event dispositive motions are filed, this will permit the parties to determine whether a settlement would be more likely to occur before or after the Court's ruling on such motions. |

Requests to extend case management deadlines must be filed at least 21 days before the subject deadline(s) for which extension is sought.  *See* Local Rule 26-3.

**6.** <u>**Extension or Modification of the Discovery Plan/Scheduling Order**</u>

All motions to modify or extend this Discovery Plan and Scheduling Order must be made within the deadline set forth above and comply with LR 26-3.

**7.** <u>**E-Discovery**</u>

The parties stipulate that all requests for production served in this matter shall include a request for any emails and other electronic documents in the responding party's possession, custody or control, except as set forth herein.   The parties agree to produce electronic documents in the form of exact duplicates of the original files (including all metadata), except that emails may be produced in the form of .pst files.  The parties agree to further produce Bates-labeled .pdf versions of all emails, word documents, PowerPoint files, images and .pdf documents, with attachments to an email to be produced directly behind the relevant email.  Documents that are other file types including, without limitation, excel spreadsheets shall be produced in native format with their name altered to the Bates number that would have been assigned to them if they had been produced in .pdf format.

In addition, the parties agree the producing party is only required to produce a single copy of a responsive document and will globally de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across all custodians. For emails with attachments, the hash value is generated based on the parent/child document grouping. However, metadata identifying all custodians in possession of each document that is removed as a duplicate must be produced, to the extent it exists at the point of collection, in an "OTHER CUSTODIAN" field in the production load file.

Further, the producing party may produce e-mails solely as part of an inclusive e-mail thread, even though such e-mails were transmitted by themselves or as part of a non-exclusive shorter e-mail thread, provided that any otherwise duplicate e-mail thread having a previous e-mail in the thread deleted or modified will be identified as a separate inclusive e-mail. The producing party will make reasonable efforts to correct any errors to produce e-mail threads, as described above, including but not limited to incomplete production of attachments. If any issues arise from producing party's production of e-mail threads, even if not strictly production "errors," producing party and the requesting party will meet and confer in good faith to resolve or address such issues.

### 8.        Assertions of Privilege and Claw-Back Agreement

The parties agree to exchange privilege logs in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court, within thirty (30) days after the exchange of documents.

The parties agree that the inadvertent production of a privileged document in this matter shall not constitute a waiver of any assertion of privilege.  Should any party discover that it has inadvertently produced document(s) it asserts are privileged, it shall promptly notify all other parties of that fact, identifying the document(s) by Bates number.  Within seven (7) days of providing such notice, the party that inadvertently produced the document(s) shall produce a supplemental privilege log identifying the documents in question.  Within seven (7) days of receiving the initial notice of the inadvertent production, the parties to whom the document was inadvertently produced shall destroy all copies of the document in their possession, custody or control and shall certify in writing to the producing party that they have done so.  A party that challenges the assertion of privilege over any inadvertently produced document may do so in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court in a manner that does not disclose information over which the claim of privilege is asserted.

If a document is attached as an exhibit to any publicly filed pleading in this matter, notice that such document is an inadvertently produced privileged document must be given no later than fourteen (14) days after the document was publicly filed. If such notice is timely given, the parties to this proceeding agree to jointly move to seal the filed document over which privilege is asserted, in which case a party shall request that the filing be unsealed only if the assertion of privilege is successfully challenged.  Nothing in this section is intended to waive a party's right to challenge the designation of a document as privileged.

If a document is introduced as a deposition exhibit in this matter, notice that such document is an inadvertently produced privileged document must be given no later than fourteen (14) days from the calendar day on which such deposition has concluded.  If such notice is timely given, the parties agree not to publicly disclose (beyond the confines of the deposition) any information over which the claim of privilege is asserted unless the claim of privilege is successfully challenged.

The parties stipulate, to the greatest extent permitted by law, that the public filing of an inadvertently produced privileged document and the introduction of an inadvertently produced privileged document as a deposition exhibit in this matter shall not constitute a waiver of privilege.

**9.      Electronic Evidence**

The parties certify they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  Discussions between the parties will be ongoing as the trial date approaches and any electronic evidence will be presented in a format compatible with the Court's electronic jury evidence display system.

**10.      Later Appearing Parties**

Plaintiff shall serve a copy of this Discovery Plan and Scheduling Order on any party appearing after the date they become effective within seven (7) days of that party's appearance. This Discovery Plan and Scheduling Order shall apply to such later-appearing party unless, upon motion and for good cause shown, the Court orders otherwise.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**11.    Scheduling/Discovery Conference**

The parties have not requested special scheduling review herein but are available for a conference to discuss this proposed Joint Discovery Plan and Scheduling Order should one be requested by the Court.

DATED: October 27, 2023

Respectfully submitted,

**MARQUIS AURBACH**

/s/ Hayden R. Smith
Brian R. Hardy, Esq.
Nevada Bar No. 10068
Hayden R. Smith, Esq.
Nevada Bar No. 15328
10001 Park Run Drive
Las Vegas, NV  89145
Attorneys for Defendants,
*Nye County and Brian Kunzi*

**HUTCHISON & STEFFEN, PLLC**

/s/ Brenoch R. Wirthlin
Brenoch R. Wirthlin, Esq.
Nevada Bar No. 10282
Peccole Professional Plaza
10080 Alta Drive No. 200
Las Vegas, NV 89145
Attorneys for Plaintiffs

**KERR SIMPSON ATTORNEYS AT LAW**

/s/ George E. Robinson
P. Sterling Kerr, Esq.
Nevada Bar No. 3978
George E. Robinson, Esq.
Nevada Bar No. 9667
2900 W. Horizon Ridge Parkway, Suite 200
Henderson, NV 89052
Attorneys for Plaintiffs

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: October 30, 2023

-7-